## QUESTIONS ARISING ON SETTLEMENT OF AN EXECUTOR'S ACCOUNT.

### Circuit Court of Ashland County.

In the Matter of the Exceptions to the Account of George
A. Ullman, Executor of the Estate of Mary
F. Freer, Deceased. *

Decided, October, 1909.

*Estates of Decedents—Exceptions to Account of Executor—Certifica-tion of, to the Common Pleas Court—Repairs Made by Executor to Property Devised—Additional Compensation—Counsel Fees for Defending Will—Liberal Allowance for Successful Defense where the Contract was for a Contingent Fee—Authority of Executor to Employ Counsel for Other Matters—Division of Expense—Form of Order to Distribute—Jurisdiction—Section 535.*

1. Where a probate judge has any interest whatever in a controversy, whether financial or otherwise, he is authorized under Section 535, Revised Statutes, to certify the case to the common pleas, either on motion of the party interested or acting *sua sponte*.
2. An executor has authority to make needed repairs on a building specifically devised with the direction to turn the property over to the devisee at any time after one year from the death of the testator, but such repairs should only go to the extent of keeping the property in as good condition as the executor found it.

* Slightly modifying and affirming *In re Estate of Mary F. Freer*, 9 N. P.—N. S., 12.

3. If an executor defends in an action to set the will aside, and the action results in sustaining the will, he may be allowed a reasonable amount for counsel fees in that behalf, and where his contract with counsel was on the basis of a contingent fee the allowance will be made more liberal because of that fact.

4. The fact that an executor is a man of affairs with business experience and ability does not afford ground for denying to him the aid of counsel in the settlement of the estate.

5. An order to an executor with reference to the distribution of the fund in his hands should merely direct him to pay it out in accordance with law and the provisions of the will; any further direction as to whom the fund is to be paid is inoperative and void.

*C. H. Workman, W. S. Kerr* and *George J. Fry,* for exceptors. *J. P. Seward* and *C. P. Winbigler,* contra.

VOORHEES, J.; TAGGART, P. J., and DONAHUE, J., concur.

This action had its origin in the probate court of this county, where exceptions were filed to the account of George A. Ullman, executor of the estate of Mary F. Freer, deceased, and on motions of the parties excepting to said account the probate court certified the account and exceptions thereto to the common pleas court of this county. Error is prosecuted from common pleas to this court.

The first question presented by counsel for plaintiff in error is that the probate court had no authority upon the motion presented to certify the same to the common pleas court, and that by reason thereof the common pleas court acquired no jurisdiction thereof, and that any finding and judgment of the common pleas court in relation thereto is erroneous and void for want of jurisdiction.

We are of the opinion that this objection to the jurisdiction of the common pleas court is not well taken, and that the probate court under the provisions of Section 535 of the Revised Statutes of Ohio had authority to certify the same to the common pleas court. A part of the section above referred to is as follows:

"In all other matters and proceedings, pending in any probate court, which would properly be disposed of or decided therein, but in which the probate court thereof is interested in any manner whatever, as an attorney or otherwise, or in which he is

required to be a witness to a will, such probate judge shall, upon a motion of a party interested in such proceedings, or upon his own motion, certify the matters and proceedings to the court of common pleas."

Counsel for the executor contends that the probate judge must be interested as an heir, or at least have some financial interest in the result of the matter pending in his court, and that mere prejudice and bias on his part would not be sufficient reason, or that any other interest, except a financial interst or as an attorney, would not be a sufficient reason for certifying the cause to the common pleas court. We think it clearly appears here that whenever he has any interest whatever, whether it be financial or otherwise, that the statute authorizes him upon the motion of the party interested to certify the cause to the common pleas court, or even without such motion if the judge of that court knows he is interested in the cause, then it is his duty to so certify it *sua sponte.*

The next contention of counsel for the executor is, that the common pleas court erred in refusing to credit him with the expense of certain repairs that were put upon what is known as the Freer Block. The common pleas court in its finding, held that the executor was entitled to credit for all necessary repairs, to keep and maintain the building in as good condition as it was at the time of the death of his testator, but that he was not warranted in making any permanent improvements upon the property. The Freer Block was specifically devised, and the testator had the right to turn it over to the devisee any time after a year from the death of the testatrix, and compelled to turn it over within five years, so that it could not be to the interest of the estate he represented to make any permanent improvements.

The rule of law adopted by the court in the disposition of this exception to the account is, we think, the correct one, but from the evidence in this case we are not authorized in saying that the court erred in the application of this rule to any one item. It is clearly evident that there were a large number of repairs made upon this building that were in the nature of betterments, or what might be termed "permanent improvements," and not merely the necessary repairs to keep the build-

ing in as good condition as he received it. In other words, the repairs are largely in excess even of what a tenant for a term, or for life would be required to place upon the property in order to protect the remainderman. From the evidence presented, the common pleas court fairly and reasonably separated and distinguished the repairs for which the executor ought to be allowed credit, from those that he was not authorized to make, and the judgment of the common pleas court in that behalf is affirmed.

The next objection urged upon our attention is the claim for additional compensation allowed to the executor. Under the terms of the will the executor was entitled first to ten per cent. of the appraised value of the estate, and for services after one year it was provided by the will that he should have reasonable compensation. The evidence in this case does not fully disclose what would be reasonable compensation. The executor himself did not testify. His reasons for not testifying are not important in the review of this case, but the fact remains that the court below was wholly without the aid of his testimony in determining the full value of the services he rendered. True, there is some evidence showing the extent of the estate, the different parcels of real estate operated and managed by him, rents collected, etc., but the common pleas court was not otherwise advised as to the time required by the executor in doing and performing these services, so that its estimate of the value of such services was and is as fair as any court could make in view of the evidence offered, and perhaps more than this court would allow without specific evidence directed to the extent and value thereof. The judgment of the court in that behalf is affirmed.

The next contention of counsel for the executor is, that the common pleas court erred in the allowance of credit to this executor for fees paid to attorneys who were employed by him in the settlement of this estate and in the contest of the will. It is insisted that the executor had no authority to employ counsel or to expend money of the estate in defense of the will; and that therefore the court ought not to have allowed him credit for any fees paid counsel for such services, but with that contention this court does not agree. It is clearly the law in this state that un-

der ordinary circumstances an executor is not called upon to make such defense, whether he was required to do so in this case is not important; the fact remains that he did defend the will when it was attacked, and as a result thereof the will was sustained, and it is clearly the law of Ohio that if an executor does defend against a contest of a will and such suit results in the sustaining of the will, that he may be allowed a credit of a reasonable amount for counsel fees expended by him in the payment of counsel employed to defend such will, and we think in this particular case, where this executor was practically a trustee, and clothed with some extraordinary powers in addition to ordinary duties of executor, it was perfectly proper and right for him to intervene, and that the benefitted parties should have been compelled to contribute to the payment of the expense thereof, either out of the estate generally, or in any other equitable way that the court may direct. True, if the will had been set aside, then the executor would have no funds of the estate in his hands for the payment of such expense and he must lose the amount, unless he contract with his counsel that nothing is to be paid unless the will is sustained, and that would be true in this case, notwithstanding it appeared by the terms of the will that he had some powers in the nature of an additional trust, beyond the ordinary powers and trust of an executor, for if the will had not been sustained then all such provisions would have fallen with it.

In this particular case, however, the allowance to the executor generally out of the estate for money paid by him as attorney fees in the contest of this will results in placing the entire burden upon the residuary legatees. True, it appears that the residuary legatee is the one most vitally interested in the sustaining of this will, and it does also appear that that residuary legatee, to-wit, Ashland county, through its commissioners, failed and neglected to aid the estate or encourage the executor in making this defense, and their conduct in that behalf does not commend them very favorably to the consideration of this court. Yet, notwithstanding that we do not think it equitable that the entire costs of this contest should be paid by them, but all the interested parties should have been compelled to contribute thereto in equitable proportions, and the executor ought to have inter-

vened with a motion to that effect in the probate court, before distribution. True, the expense of attorneys in the settlement of an estate must be paid out of the residuary fund. It is only to the extraordinary expenses in the contest of a will that the devisees and legatees under the will should have been compelled to contribute, and we take it from the state of this record that the executor himself was interested in the sustaining of this will financially, as well as otherwise, and that being true, the probate court or the common pleas court settling this account would not be required to allow him as a credit the full amount of the attorney fees, but might allow him such part and parcel thereof as would seem to be just and equitable.

This court is of the opinion that the fees charged by counsel and paid by the executor were not exhorbitant or unreasonable, but, on the contrary, were fair, just and equitable; and particularly is that true in relation to the fees paid for the contest of the will, for as we have already stated counsel might not have received anything at all for their services in case the will had not been sustained. Therefore, in view of such contingency, it is not unreasonable that the amount for which counsel would be willing to contract would necessarily be larger than if the fee were to be paid in all events. This record shows that the contract of one of the counsel at least employed in the contest of the will was made with the understanding that if he was unsuccessful in sustaining the will that nothing was to be paid, if he was successful then the full amount was to be paid.

It is further contended by counsel for the exceptors that this executor being a man of affairs, possessing good business ability and experience, ought not to have employed counsel in the settlement of the estate, but that he should have attended to these matters himself and that he was perfectly competent to do so. We think that contention can not be sustained. Few business men are qualified to settle an estate without legal advice, for the settlement of an estate is outside of ordinary business transactions and many questions arise that are difficult for lawyers to determine. So that it is only a wise and necessary protection to employ counsel to assist in the settlement of an estate, especially such an one as this. Not only is that true, but the will directs

the executor to employ counsel and directs who he shall employ, but it was no longer possible to employ the person designated, and therefore the executor was authorized to use his own best judgment in determining who should take the place of counsel designated in the will.

Coming now to the consideration of the amount allowed by the common pleas court as a credit to this executor for the attorneys fees paid by him in the settlement of this estate and in the suit to contest this will, we are of the opinion, from the evidence contained in the record, that the common pleas court erred in fixing the amount thereof, and that the amount so fixed by such common pleas court is against the manifest weight of the evidence. We are not unmindful of the fact that whatever is allowed comes out of the residuary fund, and therefore we are not disposed to allow the full amount of these counsel fees, although, as we have heretofore stated, we are of the opinion that they were just and reasonable, and we think the executor ought to have credit for a larger sum than that given him by the common pleas court. This residuary legatee will receive from the estate perhaps over fifteen thousand dollars in money and a farm of nearly a hundred acres, almost within the city of Ashland, and while it is suggested that the appraisement of this farm was about eight thousand dollars, and the common pleas court speaks of it as about that, yet we think it clearly evident that the farm is easily worth an amount equal to the amount that will be paid in money, so that it receives something like thirty thousand dollars out of the estate, or nearly one-third of the whole. Notwithstanding the commissioners absolutely refused to assist in the defense of the will, they are now willing to take the full benefits derived from such contest. The fact that the attorney fees for contesting this will can not now be distributed and assessed against all of the interested parties, as well as this residuary legatee, and that the executor did not attempt to protect himself in that behalf, and the further fact that a portion of these fees should be borne by the executor himself in view of his financial interest in sustaining the will, we have reached the conclusion that the executor should be allowed credit for the further sum of two thousand dollars to the amount allowed by the common

p'eas court.   That is to say, he will be allowed a further credit
of one thousand dollars additional on the amount paid to Judge
McCray, making a total of $2,000 credit to the executor for
counsel fees paid to him, and $1,000 credit for attorney
fees paid to Senator Patterson, making a total credit of
$2,500 on account of attorney fees paid by the executor to him,
and the judgment of the common pleas court upon these excep-
tions will be modified, so as to allow such further credits and as
so modified will be affirmed.

We also note that the common pleas court ordered and directed
the executor to pay the residue of the fund in his hands to the
commissioners of Ashland county.   We think such an order is
not authorized by law, but that it should be an order directing
him to pay the balance of the fund in his hands according to
law and the will of Mary F. Freer.

The Supreme Court of Ohio, in the 62 O. S., page 41, announces
this rule of law:

''The probate court has not jurisdiction, in making an order
of distribution under Section 524, Revised Statutes, to determine
the person to whom distribution is to be made, and the amount
going to each, but its power is exhausted in that particular
when, upon final settlement of the account of the executor or ad-
ministrator, it enters a general order of distribution.''

This, we think, was all the order that the common pleas court
should have made in that behalf and any other or further order
would be mis'eading, inoperative and void, and the judgment in
that behalf is modified so as to require the executor to pay the
funds in his hands, according to law.   In view, however, of the
directions of the will of Mary F. Freer, deceased, and with this
modification above mentioned, the judgment of the common pleas
court is affirmed and cause remanded for execution.   Exceptions
of all parties are noted.